DISSENTING OPINION.
Cox, J., dissenting.
To sustain the position taken we must declare this law of the legislature unconstitutional, a position which the majority of the court favors. The constitutional proviso creating this court provides that cases in the district court andi transferred to this court may proceed just as if no change in the court had taken place. But the legislature has passed a law, sec. 454d, R. S., page 171.
*795 What was the object of this law? It was first to do away with any supposed difficulty that would arise from the change of court, in questions that might be raised upon the liability of sureties on the bond, given to the district court, and to enable the parties to prosecute their cases in the circuit court upon certain reasonable terms which the legislature fixed.
Those reasonable terms were the giving of an additional bond conditioned on the judgment, order or decree of this court, within thirty days after February 9.
Now, if a party has given bond, the presumption is he may be able, to give it again. There is no hardship in requiring him to give a new bond. The statute provides that on failure to give such bond, on motion and notice, the circuit court may proceed as if no bond had been given.
Here is a provision in this statute requiring the party to give bond. It is obligatory on him if he desires to prosecute his appeal. Suppose he does not give a new bond; what is the result? The law provides that upon motion filed and notice given by the other party this court may proceed in such action or proceeding as if no bond, undertaking or recognition had ever been given.
Suppose the word “may” be interpreted as discretionary, is there any '■other discretion given to the court than to proceed as if no bond had been given? It is admitted that the jurisdiction of this court in appeal depends upon the giving of an appeal bond. Unless a bond' has been given the intended appeal must be dismissed. If a bond insufficient in form has been given, the court may permit the bond to be amended by giving another bond. But there must be a bond given. If there is no bond given there is nothing to amend. But this statute changes that, and says.the party must give bond, and as a penalty the court may proceed to do certain things, just as if no bond were given. It seems to me, if this is not compulsory on the court and obligatory upon, the appellant, it amounts to nothing at all. The appellant is required to give a new bond within a certain time; if he does not, the court cannot permit him to give a bond after the thirty days have expired. No discretion is given the court but to proceed as if no bond had been given. How was it under the old law?
Sec. 5233 Rev. Stat., provides: ‘-When the surety in an undertaking for the appeal has removed from the state, or for any cause is insufficient, or if the undertaking is insufficient in form or amount, the district court on motion may order a change or renewal of the undertaking to be given with security to be approved by court or the clerk thereof; and if the order of the court be complied with, the appeal shall not be dismissed, but the court shall hear and determine the-cause in the same manner as if the order had not been made, or otherwise the appeal shall be dismissed.” Clearly, here the only duty which the court can perform on the bond not being given, is to dismiss the appeal.
It seems to me that is the only rule that can be applied here. The rule is absolute upon the party within the time to give the new bond, and if he does not, this court must proceed exactly as if no bond had been given originally.
I am of the opinion that these cases ought all be dismissed. Still the question is one of grave doubt, and I think that the court ought not to proceed to try any of the cases until there has been a decision made by the supreme court of this state, so that the practice may be uniform. Of course, I should not ¡prefer taking this course, if it could be avoided. I do not think I have any authority to permit the bond to be given after the expiration of thirty days, and when the party makes the motion, it ought to be dismissed after that time.